J. W. LAHART, Respondent, v. MINNESOTA GRAIN COMPANY,. Appellant.

(166 N. W. 828.)

**Complaint — cause of action — money had and received — testimony — conflict in — questions for jury — verdict — final — trial otherwise fair.**

The complaint states a cause of action for money had and received and three separate causes of action for goods bargained, sold, and delivered. On each point and issue there was a sharp and decided conflict of testimony. The jury found generally and specifically in favor of the plaintiff. There was a fair trial and no error, and the judgment is affirmed.

Opinion filed January 30, 1918.

Appeal from the District Court of Eddy County, Honorable *C. W. Buttz,* Judge.

Defendant appeals.

Affirmed.

*James A. Manly (Alvord C. Egelston,* of counsel), for appellant..

"Any unexpected situation in which a party may be placed without any default on his part and which will be injurious to his interests may be termed 'surprise', entitling him to a new trial." Delmas v. Margo,. 78 Am. Dec. 518, note.

"Where the moving party presents a clear case of surprise, which has resulted to his prejudice, and was himself without fault and in a situation to protect his interests in a new trial, the court will regard the motion with favor, and will grant it if that decision of the matter will promote substantial justice." Baylies, New Trial, p. 530; Platt v. Munroe, 34 Barb. 291; Nudd v. Home Ins. & Bkg. Co. 25 Minn. 100; Delmas v. Margo, 25 Tex. 1, 78 Am. Dec. 518.

Ordinarily when a party is taken by surprise at a trial he should move for a continuance, but this rule is not an inflexible one, and each

case must be decided by itself, in the furtherance of justice. Nudd v. Home Ins. & Bkg. Co. 25 Minn. 100; Russell v. Reed, 32 Minn. 45, 19 N. W. 86; Alger v. Merritt, 16 Iowa, 121; Sutherland, Code, Pl. & Pr. § 1581.

Where a party is surprised by false testimony of the witness, it is ground for a new trial. 14 Enc. Pl. & Pr. 1739.

It is settled that a foreign corporation that has complied with the laws of the state so that service of process can be made upon it at any time can avail itself of the Statute of Limitations. Ability to obtain service of process is the test of the running of the statute. 13 Am. & Eng. Enc. Law, 2d ed. p. 904; Wall v. Chicago & N. W. R. Co. 69 Iowa, 498, 29 N. W. 427; McCabe v. Illinois C. R. Co. 4 McCrary, 492, 13 Fed. 827; United States Exp. Co. v. Ware, 20 Wall. 543, 22 L. ed. 422; 22 Am. & Eng. Enc. Law, 1238; Darrell v. Hilligoss, M. M. & R. Gravel Road Co. 90 Ind. 264.

*Maddox & Rinker,* for respondent.

Where a party claims surprise at the trial because of adverse material testimony given, he is not entitled to even a continuance to obtain the presence of witnesses to contradict such testimony, and much less is it ground for a new trial. It is the duty of a litigant to have his known witnesses present, and to anticipate the nature of the proof required touching material issues. Further, questions not brought to this court by specifications of error are not before the court for consideration. Kaye v. Taylor, 28 N. D. 293, 148 N. W. 629; Webb v. Wegley, 19 N. D. 606, 125 N. W. 562; Benoit v. Revoir, 8 N. D. 226, 77 N. W. 605, and cases cited.

A new trial should be granted only when, from the special verdict, it cannot be determined whether it accords or conflicts with the general verdict. Fisk v. Chicago, M. & St. P. R. Co. 74 Iowa, 424, 38 N. W. 132, and cases cited.

Objections that a special verdict is not sufficiently definite and certain are waived, unless advantage is taken when the verdict is rendered and request is then made to have the jury reconsider and the questions answered more definitely. Elgin, J. & E. R. Co. v. Raymond, 148 Ill. 241, 35 N. E. 729; Reeves v. Plough, 41 Ind. 204; Bradley v. Bradley, 45 Ind. 67; Huss v. Chicago G. W. R. Co. 113 Iowa, 343, 85 N. W. 627; Arthur v. Wallace, 8 Kan. 267; Kansas P. R. Co. v. Pointer,

14 Kan. 37; Manny v. Griswold, 21 Minn. 506; Crandall v. McIlrath, 24 Minn. 127; Varco v. Chicago, M. & St. P. R. Co. 30 Minn. 18, 13 N. W. 921; Moss v. Priest, 1 Robt. 632, 19 Abb. Pr. 314.

A special verdict must clearly show that the jury adopted theory different from that of the prevailing party, and not involved in and covered by the issues submitted for determination, to warrant a reversal of the judgment. Aultman & T. Machinery Co. v. Wier, 67 Kan. 674, 74 Pac. 227; Phœnix v. Lamb, 29 Iowa, 352.

ROBINSON, J. In this case the complaint contains four causes of action. The jury found a verdict for the plaintiff, $3,977.12, and the defendant appeals from the judgment and from an order denying a new trial.

The first cause of action is $800, and interest from October 1, 1909, for money had and received from J. H. Shepard for the use of the plaintiff. To this the answer is a general denial. The jury specifically allowed the claim. The plaintiff testified that Shepard was owing him $800 and paid it to defendant for the use of the plaintiff in October, 1909. On this it cannot be claimed that the verdict is not sustained by the evidence, but on this item defendant moves for a new trial on the affidavit of two persons. The trial court denied the motion, holding that there was no reasonable excuse for their absence at the trial, and in this we fail to see any abuse of discretion. On this matter the testimony of Lahart was given at the opening of the trial on the first day, and the trial lasted about three days.

The second cause of action is for lumber sold and delivered, $330; the third cause is for grain, $1,147.90; the fourth cause is for grain, $451. The answer to each is a denial, and to the third and fourth causes of action, that is, for the grain sold and delivered, there is a plea of the Statute of Limitations. On each cause of action and each issue there was a sharp conflict of evidence, and it is rather hard to say on which side the evidence preponderates. It is certain there is ample evidence to sustain the verdict.

The third and fourth causes of action were for the sale of grain which was left over in two grain elevators which the plaintiff sold to the defendant. The sale was made in June or July. The jury found it was made in July, and found specifically that the plaintiff was to have credit

for the grain in the summer of 1908, and the evidence of the testimony of Lahart is very positive that he did not have any credit for the grain, while on the part of the defendant there is testimony that he did have credit. The jury found specifically that the plaintiff was to have credit for the grain in July, 1908. The action was commenced in March, 1914, and they found that defendant took the lumber before November 1, 1908.

The charge of the court to the jury is exceedingly fair and unexceptional, and the case appears to have been fairly tried, and the questions of fact were fairly submitted to the jury. There is nothing to be gained by a discussion of the testimony.

The order and judgment of the District Court is affirmed.

GRACE, J. I concur in the result.

BIRDZELL, J. The only serious question in this case, in my opinion, is that of the Statute of Limitations; and while the testimony of Lahart as to the time he was to receive credit is somewhat inconsistent and unsatisfactory, I am not prepared to say that the construction placed thereon by the jury was unwarranted. I concur in the affirmance of the judgment.